UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ISAAC EUGENE ABRAMS,
 Petitioner,

v.           Case No. 8:26-cv-886-KKM-TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS,
 Respondent.

_____

## ORDER

Abrams, a Florida prisoner, filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, (Doc. 1), and a supporting memorandum, (Doc. 2). Upon consideration, the petition is dismissed as time-barred.

## I. BACKGROUND

On May 10, 1977, a state court jury convicted Abrams of armed robbery and possession of a firearm by a convicted felon. (Doc. 1, p. 1; Doc. 1-1, p. 27.) He was sentenced to life imprisonment. (*Id.*) Abrams's convictions and sentence were affirmed on appeal on April 21, 1978. (Doc. 1, p. 1.) Abrams first pursued postconviction relief on November 10, 1983, and the state court denied relief on May 1, 1984. (*Id.*, p. 2.) Abrams states that he next sought post-judgment relief in state court on March 25, 2008. (*Id.*)  The state court denied relief on March 24, 2009. (*Id.*, p. 3.) Abrams filed subsequent motions and

1

petitions in state court, but those proceedings are not relevant to determining the § 2254 petition's timeliness.

## II.    ANALYSIS

### A. Introduction; Untimeliness Under Section 2244(d)(1)(A)

A petitioner may obtain relief under § 2254 only if he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). A district court must conduct a preliminary review of a § 2254 petition and dismiss it under certain circumstances:

> A district court must dismiss a § 2254 petition without ordering the State to respond if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, R. 4. The Advisory Committee on the Rules Governing § 2254 Cases stated this obligation emphatically: "[I]t is the duty of the court to screen out frivolous applications." Rules Governing § 2254 Cases, R. 4 advisory committee's note; *see also Rodriguez v. Florida Dep't of Corr.*, 748 F.3d 1073, 1076 (11th Cir. 2014) ("Advisory Committee Notes" are a "reliable source of insight into the meaning of a rule" (quotation omitted)). The one-year limitations period found in 28 U.S.C. § 2244 is one of many procedural obstacles that could mean a petition is frivolous, and it is one that the district court can raise sua sponte. *Jackson v. Sec'y for the Dep't of Corr.*, 292 F.3d 1347, 1349 (11th Cir. 2002).

*Turner v. Sec'y, Dep't of Corr.*, 991 F.3d 1208, 1211 (11th Cir. 2021).

A review of Abrams's petition shows that it is untimely. Because Abrams commenced this action after April 24, 1996, it is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). The AEDPA establishes a one-year limitation

period for filing a § 2254 habeas corpus petition. 28 U.S.C. § 2244(d)(1). The limitation period usually runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" is pending. 28 U.S.C. § 2244(d)(2).

Abrams does not contest that his petition is untimely under § 2244(d)(1)(A). Abrams states that his state court convictions were affirmed on appeal on April 21, 1978. (*Id.*) From that date until the AEDPA's April 24, 1996 enactment, no limitation period applied to Abrams's ability to file a federal habeas petition. *See Smith v. Jones*, 256 F.3d 1135, 1142-43 (11th Cir. 2001). But once the AEDPA was enacted, Abrams was subject to its one-year limitation period. Abrams and other prisoners whose judgments became final before the AEDPA took effect had one year, until April 24, 1997, to seek federal habeas relief under § 2254. *See Wood v. Milyard*, 566 U.S. 463, 468 (2012); *Wilcox v. Fla. Dep't of Corr.*, 158 F.3d 1209, 1211 (11th Cir. 1998). Because Abrams did not seek federal habeas review between April 24, 1996, and April 24, 1997, and no tolling motions were pending in state court during that time, he cannot proceed under § 2244(d)(1)(A).

But § 2244(d)(1) provides several alternative start dates to the one-year limitation period. Abrams contends that his petition is timely under two of

these provisions. Alternatively, he argues that he is entitled to a review of his federal habeas petition under equitable tolling or on grounds of actual innocence.

### B. Section 2244(d)(1)(B)

Abrams argues that his petition is timely under § 2244(d)(1)(B). Under this subsection, when an unlawful State-created impediment prevents a prisoner from timely filing his petition, the one-year limitation period begins to run on the date the impediment is removed. 28 U.S.C. § 2244(d)(1)(B).

Abrams contends that his petition is filed "within one year of the removal of State impediments (Pro Se Ban in 2023/2025)." (Doc. 1, p. 10.)[1] Portions of the state court record attached to Abrams's petition show that on April 14, 2023, the state circuit court prohibited him from filing papers pro se in his state court criminal case. (Doc. 1-1, pp. 34-35.) The state court found that Abrams's "numerous baseless, repetitive pleadings" filed in that case warranted the prohibition because they were detrimental to the state court's ability to use its finite resources on other cases. (*Id.*, p. 34.) The state court also noted that Abrams did not timely respond to its earlier order to show cause why he should not be barred from future pro se filings in his state court criminal case. (*Id.*)

---

[1] Abrams' references to the removal of a State-created impediment and a "Pro Se Ban in 2023/2025" suggest that the prohibition on pro se filings was removed in 2025.

4

Accordingly, the state court ordered that any further papers submitted relating to Abrams's state court criminal case must be signed by an attorney in good standing with the Florida Bar. (*Id.*, p. 35.) When Abrams attempted to file a pro se petition for writ of habeas corpus in the state court criminal case on February 11, 2025, the state court struck the petition in accord with its 2023 order. (*Id.*, p. 36.)

Abrams has not shown that the state court's prohibition on his pro se filings entitles him to a later start date to the AEDPA limitation period. First, as stated, Abrams's one-year limitation period ran from April 24, 1996, to April 24, 1997. No pro se filing prohibition was in effect at that time, and the prohibition imposed in 2023 could not have prevented Abrams from timely filing his § 2254 petition. *See Johnson v. Fla. Dep't of Corr.*, 513 F.3d 1328, 1331-32 (11th Cir. 2008) (stating that the unlawful impediment must have prevented the timely filing of a prisoner's petition to invoke § 2244(d)(1)(B)).

Furthermore, the impediment must itself violate "the Constitution or laws of the United States." 28 U.S.C. § 2244(d)(1)(B). Abrams has not demonstrated that the prohibition on his continued pro se filings in his state court criminal case violated federal law. The state court found that Abrams had filed numerous baseless and repetitive pro se filings that hampered its ability to review other cases. Abrams was given notice and an opportunity to be heard before the prohibition was imposed, but he did not respond to the

state court. Further, as the prohibition on pro se filings expressly applied to a single state trial court criminal case, Abrams was not entirely unable to access the courts on his own. (Doc. 1-1, pp. 34-35); *see Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986) (en banc) (a court has "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others" and a litigant "can be severely restricted as to what he may file and how he must behave in his applications for judicial relief" as long as he is not "completely foreclosed from any access to the court[]"). Under the language of the state court's pro se filing prohibition, Abrams could still represent himself in filing new cases, filing papers in any other existing cases, or proceeding in other courts. And he could proceed in his state court criminal case with an attorney. Accordingly, Abrams has not shown that his petition is timely under § 2244(d)(1)(B).

### C. Section 2244(d)(1)(D)

Abrams also argues that his petition is timely under § 2244(d)(1)(D). This subsection provides another alternative start date to the AEDPA limitation period for claims based on newly discovered evidence. The limitation period begins running on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

6

Abrams asserts that his petition is filed within one year of the "discovery of new factual predicates (Record Destruction in 2020)." (Doc 1, p. 11.) Abrams asserts that he learned in 2020 that transcripts and records filed in his state court criminal case had been destroyed. But the destruction of state court records is an administrative action of the state Clerk of Court. It is not a newly discovered fact that impacts any cognizable habeas claim raised in Abrams's § 2254 petition. *See Madaio v. United States*, 397 F. App'x 568, 570 (11th Cir. 2010) (stating, in the context of an analogous provision applicable to cases filed under 28 U.S.C. § 2255, that the discovery of "new factual information affecting the claim" triggers the delayed start to the limitation period).

Even if the destruction of records was newly discovered evidence, Abrams's petition would be untimely because he did not file it within one year of the time that he learned of the records destruction in 2020. Abrams has not shown that § 2244(d)(1)(D) applies to render his petition timely.

### D. Equitable Tolling

Abrams argues that he is entitled to equitable tolling. Section 2244(d) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his § 2254 petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418

(2005)). "[T]he burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner," and "[m]ere conclusory allegations are insufficient to raise the issue of equitable tolling." *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011).

Because this is a "difficult burden" to meet, the Eleventh Circuit "has rejected most claims for equitable tolling." *Diaz v. Sec'y, Dep't of Corr.*, 362 F.3d 698, 701 (11th Cir. 2004); *see also Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) ("[E]quitable tolling applies only in truly extraordinary circumstances.").

Abrams argues that "[e]quitable tolling applies due to extraordinary circumstances (state denials of access) and [his] diligence." (Doc. 1, p. 11.) Abrams has not shown that equitable tolling is warranted. First, he has not established that he diligently pursued the timely filing of his habeas petition. Abrams makes a conclusory reference to his diligence, but he does not elaborate on the steps he took to ensure the timely filing of his § 2254 petition. This kind of vague, conclusory allegation does not support equitable tolling. *See San Martin*, 633 F.3d at 1268.

Further, Abrams has not shown that an extraordinary circumstance beyond his control prevented him from timely filing his federal habeas petition. His reference to "state denials of access" appears to involve the state court's 2023 order prohibiting him from pro se filings in his state court criminal case.

8

Even if the pro se filing prohibition was an extraordinary circumstance, it was imposed long after Abrams's AEDPA limitation period had already run. Therefore, he cannot show that the prohibition prevented the timely filing of his § 2254 petition.

Because Abrams has not shown that an extraordinary circumstance outside of his control prevented him from timely filing his § 2254 petition despite his diligence, he is not entitled to equitable tolling.

### E. Actual Innocence

Finally, Abrams argues that his petition may be considered because he is actually innocent. A petitioner's showing of his actual innocence may serve as a gateway to allow review of his untimely § 2254 petition. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). This exception "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *Id*. at 394-95 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

Abrams argues that "new evidence (suggestive identifications, illegal search and seizures, counsel delays) shows it is more likely than not [that] no reasonable juror would convict." (Doc. 1, p. 11.) Abrams appears to refer to assertions made in his claims for relief. In Ground One, Abrams argues that the state court erred in denying his motion to suppress evidence after police unlawfully searched his briefcase and found a gun. In Ground Two, Abrams

9

contends that the lineups and show-ups in his case were impermissibly suggestive and were conducted without counsel. In Ground Three, Abrams asserts that the state court violated his constitutional rights by delaying the appointment of counsel.

Abrams has not demonstrated that any of these matters, which occurred before trial, are new evidence. Nor has he shown how these issues establish that he is actually innocent of committing the crimes of armed robbery and possession of a firearm by a convicted felon. *See Johnson v. Fla. Dep't of Corr.*, 513 F.3d 1328, 1334 (11th Cir. 2008) (stating that actual innocence "means factual innocence, not mere legal insufficiency" (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998))). Abrams's unelaborated claims fail to show that it is more likely than not that no reasonable juror would have convicted him in the light of this information. Abrams is not entitled to a review of his federal habeas petition based on his actual innocence.

## III.   CERTIFICATE OF APPEALABILITY

Abrams is not entitled to a certificate of appealability (COA). A prisoner seeking a writ of habeas corpus has no absolute entitlement to a COA. 28 U.S.C. § 2253(c)(1). The district court or circuit court must issue a COA. *Id.* To obtain a COA, Abrams must show that reasonable jurists would debate both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

10

Because the petition is time-barred, Abrams cannot satisfy the second prong of the *Slack* test. As Abrams is not entitled to a COA, he is not entitled to appeal in forma pauperis.

Therefore, the Court **ORDERS** that Abrams's Petition for Writ of Habeas Corpus, (Doc. 1), is **DISMISSED with prejudice** as time-barred. The **CLERK** is directed to enter judgment against Abrams and in Respondent's favor and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on April 20, 2026.

Kathryn Kimball Mizelle
United States District Judge

11